UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAYMOND G. CHAPMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0859-CVE-PJC |
| ) | |
| **CHASE MANHATTAN MORTGAGE** ) | |
| **CORPORATION,** (a/k/a J.P. Morgan, ) | |
| Chase Home Finance, CMMC, Chase); ) | |
| **GERRI SMITH, CASEY BEARD** (Executive ) | |
| Resolution Board); **STEPHANIE HARDIN** ) | |
| (CHG-Productivity and Quality Division); ) | |
| and **ROD REUSCHER** (Asst. VP and ) | |
| Customer Relations Contact), ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is the Individual Defendants' Motion to Dismiss and Brief in Support (Dkt. # 9) filed by defendants Casey Beard, Stephanie Hardin, Rod Reuscher, and Geri[1] Smith. This action arose from a dispute between the parties over plaintiff's monthly mortgage payments to Chase Manhattan Mortgage Corporation ("Chase"), a defendant and the employer of the individual defendants. Plaintiff asserts multiple state law claims including defamation, libel, negligence, false light invasion of privacy, conspiracy to commit fraud, and violation of the Oklahoma Consumer

---

[1] Although plaintiff sued this defendant as "Gerri" Smith, according to her Affidavit, the correct spelling is "Geri."

Protection Act.[2] The individual defendants move to dismiss under Rule 12(b)(2) arguing that they lack the minimum contacts with the State of Oklahoma necessary for the court to exercise personal jurisdiction over them consistent with the Due Process Clause of the United States Constitution. Alternatively, defendants move to dismiss pursuant to Rule 12(b)(6) on the ground that plaintiff's complaint fails to state a claim for relief against them. For the reasons below, the Court grants defendants' motion under Rule 12(b)(2).

**I.**

When a defendant files a Rule 12(b)(2) motion to dismiss for lack of jurisdiction prior to trial, the court must determine whether plaintiff's allegations make out a prima facie showing of the minimum contacts necessary to establish jurisdiction over a nonresident defendant. Rambo v. American Southern Insurance Co., 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff may make this showing by demonstrating, via affidavit or other written materials, facts which, if true, would support jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Insurance Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). For purposes of ruling on a Rule 12(b)(2) motion, the allegations in the plaintiff's complaint will be taken as true and all factual disputes are resolved in plaintiff's favor. Daughtery v. United States, 212 F. Supp.2d 1279, 1296 (N.D. Okla. 2002).

---

[2] Plaintiff filed his original complaint in Tulsa County District Court on October 11, 2004 (Dkt. # 1). Without seeking leave of the Court, as required under Local Rule 7.1(l) and Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff filed an amended complaint in this Court on December 3, 2004 (Dkt. # 18), adding as a defendant his former girlfriend, Rosemarie Damilao. The Court considers the allegations contained in plaintiff's original complaint in ruling on this motion to dismiss.

## II.

Defendants Beard, Hardin, Reuscher, and Smith, who are all residents of Ohio, contend that there are not sufficient contacts between them and the State of Oklahoma to permit this Court to exercise personal jurisdiction over them.

Before exercising jurisdiction over a nonresident defendant in a diversity case, a district court must engage in a two-part threshold determination. The court must first determine whether state law permits the exercise of jurisdiction over a nonresident and, if so, whether jurisdiction may be exercised consistent with the constitutional mandate of due process. Rambo, 839 F.2d at 1416. Since the Oklahoma statute governing jurisdiction permits a court to exercise jurisdiction over nonresidents "on any basis consistent with the Constitution of this state and the Constitution of the United States," Okla. Stat. tit. 12, § 2004 (F), the statutory question drops out of the analysis and due process becomes the central inquiry. Rambo, 839 F.2d at 1416.

"A federal court may, consistent with the due process clause of the Fourteenth Amendment, exercise personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum state." Daughtery, 212 F. Supp. 2d at 1297. A defendant's contact with a forum state must be sufficiently substantial that maintenance of a suit would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Rambo, 839 F.2d at 1417.

A court may exercise either specific or general jurisdiction over a nonresident defendant. OMI Holdings, 149 F.3d at 1091. To establish general jurisdiction, a plaintiff must demonstrate that defendant has conducted "substantial and continuous local activity within the forum state." Smith v. Basin Park Hotel, Inc., 178 F. Supp. 2d 1225, 1230 (N.D. Okla. 2001). In the instant case,

there are no allegations of continuous or systematic contacts with Oklahoma on the part of the individual defendants that would support this Court's exercise of general jurisdiction. The appropriate inquiry is, then, into the Court's ability to exercise specific jurisdiction over defendants.

In order for a court to exercise specific jurisdiction, a defendant must have such minimum contacts with the forum state that he could "reasonably anticipate being haled into court there." OMI Holdings, 149 F.3d at 1091 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1979)) (internal quotation marks omitted). The court must consider whether the nonresident defendant purposefully directed his activities at residents of the forum, and whether the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state. Id. at 1091. No such showing of contact has been made in the instant case.

As to defendants Hardin and Reuscher, plaintiff has provided no evidence of minimum contacts with Oklahoma. Indeed, his complaint makes only one passing reference to either defendant. Further, plaintiff does not dispute the claims of Hardin and Reuscher that they have never lived in, visited, maintained any type of address or account in, earned any income in or paid any income taxes to, or entered into any contracts in the State of Oklahoma. Motion, Dkt. # 9, Ex. 1, 2, Affidavits of Rod Reuscher and Stephanie B. Hardin. Nor does plaintiff dispute the claims contained in Hardin and Reuscher's affidavits that they have had no contact with Chapman, either in their individual or business capacities. Id. Given this complete absence of contact with the State of Oklahoma, this Court may not exercise specific personal jurisdiction over nonresident defendants Hardin and Reuscher. See Rambo, 839 F.3d at 1418 (affirming district court's dismissal of claim

against defendant when plaintiff's complaint indicated defendant had no contact with Oklahoma relating to plaintiff's cause of action).

Plaintiff's claim of jurisdiction over defendants Beard and Smith is based entirely upon a series of phone calls made and letters sent to plaintiff by these two defendants. Beard mailed four letters to plaintiff and made two phone calls to him. Motion, Dkt. # 9, Ex. 3, Affidavit of Casey Beard. Smith mailed two letters to plaintiff. Id., Ex. 4, Affidavit of Geri Smith. Telephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction. See, e.g., Rambo, 839 F.2d at 1418. Calls and letters to a forum state do not, by definition, establish jurisdiction, however. See, e.g., id. In deciding whether such communications constitute the requisite contact for personal jurisdiction, a court must determine whether the calls and letters in question were made or sent in an effort by a defendant to purposefully avail himself of the privilege of conducting activities within the forum state. See, e.g., id. at 1419. To qualify as acts of purposeful availment, contacts with a state must be attributable to the actions of a defendant and not solely to the actions of the plaintiff and typically must be the result of affirmative conduct by a defendant which allows or promotes business within the forum state. See, e.g., Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1534 (10th Cir. 1996).

In the instant case, the phone calls and letters in question were not affirmative attempts by Beard and Smith to conduct business in the State of Oklahoma. Rather, defendants contacted plaintiff for the sole purpose of communicating with him regarding complaints he had filed against Chase with the Better Business Bureau of Central Ohio. The acts of neither defendant can be reasonably construed as active attempts to conduct business in Oklahoma. Beard and Smith merely reacted in their professional capacities to actions taken by plaintiff. Accordingly, the Court

concludes that the postal correspondence and telephone communications on the part of Beard do not provide a basis for this Court's exercise of specific personal jurisdiction over that defendant. Similarly, the Court concludes that the two letters Smith sent to plaintiff in response to his Better Business Bureau filing do not establish sufficient minimum contacts to permit this Court's exercise of specific personal jurisdiction over that defendant. See OMI Holdings, 149 F.3d at 1092 ("[C]ourts have been unwilling to allow states to assert personal jurisdiction over foreign defendants where the defendant's presence in the forum arose from the unilateral acts of someone other than the defendant.").

The Court holds that plaintiff has failed to make a prima facie showing of this Court's general or specific jurisdiction over any of the individual defendants. See Dobbs v. Chevron U.S.A., Inc., 39 F.3d 1064, 1068 (10th Cir. 1994) (upholding district's court's refusal of personal jurisdiction over two individual defendants when neither maintained continuous and systematic contacts with Wyoming or purposefully availed himself of the privilege of acting there). Absent such a showing the Court may not, consistent with the Due Process Clause of the Constitution, exercise jurisdiction over the nonresident defendants in this case.[3] Because the Court grants defendants' motion to dismiss on jurisdictional grounds, it will not address defendants' additional argument relating to defendants' personal liability for acts taken on behalf of their employer, Chase.

---

[3] Having so held, the Court need not consider whether the exercise of personal jurisdiction over the individual defendants in this case would offend "traditional notions of fair play and substantial justice," the final inquiry in the jurisdictional analysis. See Benton v. Cameco Corp., 375 F.3d 1070, 1078 (10th Cir. 2004).

**IV.**

For the reasons above, the individual defendants' motion to dismiss (Dkt. # 9) is hereby **granted**. Plaintiff's claims against individual defendants Beard, Hardin, Reuscher, and Smith are hereby **dismissed**.

**DATED** this 15th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT