UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |  |
|---|---|---|
| **RAYMOND G. CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0859-CVE-PJC |
| | ) | |
| **CHASE MANHATTAN MORTGAGE** | ) | |
| **CORPORATION, (a/k/a J.P. Morgan,** | ) | |
| **Chase Home Finance, CMMC, Chase);** | ) | |
| **GERRI SMITH, CASEY BEARD (Executive** | ) | |
| **Resolution Board); STEPHANIE HARDIN** | ) | |
| **(CHG-Productivity and Quality Division);** | ) | |
| **and ROD REUSCHER (Asst. VP and** | ) | |
| **Customer Relations Contact),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Reconsideration, Memorandum of Law in Support of Motion for Reconsideration, and Formal Request for Judicial Notice (Dkt. # 14). In it, plaintiff, Raymond Chapman, takes issue with this Court's Order of April 27, 2005 denying plaintiff's motion to remand this matter to state court or, in the alternative, for summary judgment against defendants.

A Rule 59(e) motion to alter or amend the judgment, sometimes referenced as a motion "to reconsider,"[1] is warranted where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice.

---

[1] "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Servants of the Paraclete v. Does I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation and quotation marks omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. Absent extraordinary circumstances, the basis for the second motion must not have been available at the time the first motion was filed. Id.

Defendant has presented no evidence of new law, new facts, or a need to correct clear error or prevent manifest injustice. In its April 27 Order, the Court concluded that it possesses both federal question and diversity jurisdiction over this matter, and plaintiff has submitted nothing in his Rule 59 motion to establish the impropriety of that determination. Moreover, defendant's alternative motion for summary judgment provides no concise statement of material facts as to which he alleges no genuine issue of material fact exists. Absent such a showing, this Court may not grant a motion for summary judgment.[2] Finally, plaintiff's motion seems to fault the Court for denying an opportunity to amend his complaint pursuant to 28 U.S.C. § 1653. The Court understands that statutory provision, permitting amendment of defective allegations of jurisdiction by both district and appellate courts, to be available for parties seeking federal court jurisdiction, not individuals seeking to avoid jurisdiction. It is not an appropriate basis for altering the Court's determination in its April 27 Order.

---

[2] Plaintiff also references the Court's wrongful granting of a motion to dismiss against him. At the time of the filing of his Rule 59 motion, however, this Court had issued no order dismissing any of his claims.

2

Since plaintiff has not presented evidence of newly discovered law or facts and has failed to establish either clear error or a need to correct manifest injustice, the Court's previous Order stands in all respects and plaintiff's Rule 59 motion (Dkt. # 14) is, accordingly, **denied**.[3]

**IT IS SO ORDERED** this 30th day of January, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiff's motion also includes a request that the Court take judicial notice of certain facts. His motion does not state which facts he wishes to have recognized, however.