UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND G. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0859-CVE-PJC |
| | ) | |
| CHASE MANHATTAN MORTGAGE | ) | |
| CORPORATION, (a/k/a J.P. Morgan, | ) | |
| Chase Home Finance, CMMC, Chase); | ) | |
| GERRI SMITH, CASEY BEARD (Executive | ) | |
| Resolution Board); STEPHANIE HARDIN | ) | |
| (CHG-Productivity and Quality Division); | ) | |
| and ROD REUSCHER (Asst. VP and | ) | |
| Customer Relations Contact), | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Chase Manhattan Mortgage Corporation's Motion to Strike and/or Dismiss Portions of Plaintiff's Amended Complaint (Dkt. ## 22, 24), Rosemarie Damilao's Motion to Strike and/or Dismiss Portions of Plaintiff's Amended Complaint (Dkt. # 29), and Plaintiff's Counter Motion to Strike (Dkt. # 31). Defendant Chase Manhattan Mortgage Corporation ("Chase") seeks to strike those portions of plaintiff's amended complaint adding Rosemary Damilao.[1]

**I.**

Defendant Chase holds the note and mortgage on the residence owned by plaintiff, Raymond Chapman. Plaintiff, acting pro se, alleges that Chase misapplied the payments on his mortgage, intentionally and maliciously refused to correct its records, wrongfully instituted debt collection

---

[1]     Damilao's motion agrees with and incorporates by reference Chase's motion to strike.

proceedings, and caused false information to appear on his credit report.  As a result, he claims, he has been unable to refinance the note on his residence at a lower interest rate or to purchase another home, has suffered pain and emotional distress, and has lost wages and earning capacity.

Plaintiff originally filed this action in state court.  Defendant removed, and plaintiff filed a motion to remand, which the Court denied.  The Court determined that it had both federal question jurisdiction, due to plaintiff's reliance on federal laws for his claim, and diversity jurisdiction, based upon the citizenship of the parties and the amount in controversy.  On May 17, 2005, without leave of Court, plaintiff filed an amended complaint, which includes three substantive changes to his original state court petition.  First, plaintiff reduced the amount of damages sought from $150,000 in compensatory and punitive damages to "in excess of $10,000."  Second, plaintiff eliminated all reference to federal statutes upon which he might have been relying for relief.  Finally, and most significantly, plaintiff added as a defendant his former girlfriend, Rosemarie Damilao.  Plaintiff's amended complaint alleges that Damilao was responsible for payment of his mortgage obligations to Chase and that any failure to pay should be attributed to her, not plaintiff.

Defendant accuses plaintiff of amending his complaint for the sole purpose of depriving this Court of jurisdiction.  Defendant has not moved to strike plaintiff's second complaint in its entirety, but has requested that the Court strike all allegations relating to Damilao and strike and/or dismiss Damilao as a party.  It seems to concede that plaintiff may proceed on his amended complaint, albeit without the references to claims against Damilao.

## II.

Plaintiff admits that he failed to seek permission from the Court prior to filing his amended complaint.  Citing his pro se status, he argues, however, that he should be permitted a special

2

dispensation and seeks leave to join Damilao as a defendant pursuant to Fed. R. Civ. P. 20.[2]

Defendant admits that Rule 20(a) would permit plaintiff to join Damilao, but argues that the Court

should deny plaintiff's request for joinder since plaintiff failed to seek leave to amend his complaint

and that the proposed amendment is untimely, futile, and an improper attempt to destroy this Court's

diversity jurisdiction.

> Rule 20, governing permissive joinder, reads, in pertinent part,
>
> All persons . . . may be joined in one action as defendants if there is asserted against
> them jointly, severally, or in the alternative, any right to relief in respect of or arising
> out of the same transaction, occurrence, or series of transactions or occurrences and
> if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Before joinder is permitted, Rule 20 expressly requires that the claims arise

out of the same transaction or occurrence and that there be questions of law or fact common to all

defendants. Even if a party meets those requirements, joinder remains a discretionary matter for the

court.  See Wynn v. Nat'l Broadcasting Co., Inc., 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002)

("These requirements must be satisfied in order to *allow* for joinder under Rule 20(a)[;] however,

even if these requirements are satisfied, there is no requirement that the parties *must* be joined.")

(emphasis in original).  The discretion accorded under Rule 20  "allows a trial court to consider, in

addition to the requirements of Rule 20, other relevant factors in a case in order to determine

whether the permissive joinder of a party will comport with the principles of fundamental fairness.

. . . If joinder would create prejudice, expense or delay, the court may deny the motion."  Chavez

v. Illinois State Police, 251 F.3d 612, 632 (7th Cir. 2001);  7 Charles Alan Wright, et al., Federal

---

[2]      Defendant provides an extensive argument relating to amendment pursuant to Rule 15.
Since plaintiff has not requested amendment pursuant to that rule, the Court addresses those
arguments only to the extent they are relevant to plaintiff's request for joinder under Rule
20.

Practice and Procedure  § 1652 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.).  Moreover, as defendant correctly points out, where, as here, joinder of a defendant following removal would undermine the Court's diversity jurisdiction, federal law vests in the district court the discretion to either deny joinder or permit joinder and remand the action to state court.  28 U.S.C. § 1447(e).

The court determines that permitting joinder of Damilao would be inappropriate.  Plaintiff has failed to provide any explanation as to why he waited until seven months after the filing of his state court petition to add Damilao to his complaint.  Given his request that the Court remand this matter to state court and his subsequent motion to have the Court reconsider its determination of jurisdiction, plaintiff's addition of Damilao, coupled with his omission of all references to federal law and reduction of the amount of damages he seeks, appears to be an attempt to manipulate this Court's jurisdiction.  "Permissive joinder rests with the sound discretion of the court and will be denied where the apparent intent of the moving party is to destroy the court's jurisdiction." Swanigan v. Amadeo Rossi, S.A., 617 F. Supp. 66, 67 (E.D. Mich. 1985).

Moreover, the Court does not observe in plaintiff's amended complaint any factual basis for a claim for relief against Damilao.  Plaintiff alleges that Damilao, while his girlfriend, paid his mortgage obligations with checks written on plaintiff's bank account.  As a result, plaintiff argues, any failure to transmit payments to Chase should be attributed to Damilao.  None of the claims made by plaintiff includes an allegation that Damilao had a legally cognizable duty to pay plaintiff's obligations to defendant.  In his response to defendant's motion to strike, plaintiff states, "Damilao has been added to this suit due to the fact that she has injected it into her state child custody case

4

with Plaintiff, Chapman and is using Chase's erroneous allegations against Chapman." Plaintiff's [Response] to Defendant Chase Manhattan Mortgage Corporation's Motion to Strike and/or Dismiss Portions of Plaintiff's Amended Complaint (Dkt. # 26), at 3. Plaintiff may not, however, join Damilao in an attempt to make this proceeding an extension of the apparently rancorous child custody dispute occurring in state court.

The Court, in its discretion, concludes that joinder would be inappropriate, and therefore denies plaintiff's motion to join Rosemarie Damilao as a defendant in this case and grants defendant's motion to strike Damilao as a defendant.[3]

## III.

**IT IS THEREFORE ORDERED** that defendant's Motion to Strike and/or Dismiss Portions of Plaintiff's Amended Complaint (Dkt. ## 22 & 24) and Rosemarie Damilao's Motion to Strike and/or Dismiss Portions of Plaintiff's Amended Complaint (Dkt. # 29) are hereby **granted**. Those allegations in plaintiff's amended complaint relating to Rosemarie Damilao are hereby **stricken**. Rosemarie Damilao is hereby **stricken** as a named defendant.

**IT IS FURTHER ORDERED** that plaintiff's Counter Motion to Strike (Dkt. # 31) is hereby by **denied**.

**DATED** this 1st day of March, 2006.

_Claire V Eagan_

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]     Plaintiff also moves to join Damilao under Rule 19 and to intervene under Rule 24. Rule 19 is not applicable in those cases where joinder would destroy subject matter jurisdiction. Rule 24 governs intervention and has no application to this matter.

5