UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAYMOND G. CHAPMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0859-CVE-FHM |
| ) | |
| **CHASE MANHATTAN MORTGAGE** ) | |
| **CORPORATION, (a/k/a J.P. Morgan,** ) | |
| **Chase Home Finance, CMMC, Chase);** ) | |
| **GERRI SMITH, CASEY BEARD (Executive** ) | |
| **Resolution Board); STEPHANIE HARDIN** ) | |
| **(CHG-Productivity and Quality Division);** ) | |
| **and ROD REUSCHER (Asst. VP and** ) | |
| **Customer Relations Contact),** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Raymond G. Chapman's Verified Affidavit of Truth and Facts; Motion for Reconsideration/Formal Request for Finding of Facts and Conclusions of Law, and Formal Request for Judicial Notice (Demand for Jury Trial) (Dkt. # 230).

**I.**

Plaintiff Raymond G. Chapman ("Chapman") executed a note and mortgage with Pinnacle Mortgage Corporation ("Pinnacle") on November 19, 1997.[1] Pinnacle subsequently assigned Chapman's note and mortgage to Chase Manhattan Mortgage Company ("Chase"). Chapman's June 2002 mortgage payment was returned for insufficient funds and he failed to make up the missing payment over the next two years. On September 23, 2004, Chase notified Chapman that he had

---

[1] The Court will not restate all of the relevant facts because the Court's opinion and order granting defendant's motion for summary judgment contains a detailed recitation of the facts. See Dkt. # 228, at 1-5.

defaulted on his mortgage and it would file a foreclosure action if Chapman failed to repay the full balance owing on the mortgage within 30 days. Chapman did not repay the full amount outstanding on his mortgage, and Chase filed a foreclosure action in Tulsa County District Court.

Chapman filed this lawsuit alleging that Chase wrongfully filed a foreclosure action against him, that Chase ruined his credit by reporting erroneous credit information, and that Chase caused Chapman severe emotional distress. After the completion of discovery, Chase filed a motion for summary judgment. Broadly construing plaintiff's amended complaint, the Court found that Chapman could be alleging as many as 18 different legal claims, and the Court considered every possible basis for relief stated in the amended complaint when ruling on defendant's motion for summary judgment. On September 24, 2007, the Court granted Chase's motion for summary judgment (Dkt. # 228).[2] Plaintiff now seeks reconsideration of the summary judgment.

## II.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within 10 days of the Court's opinion and order granting defendant's motion for summary judgment, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1)

---

[2]  All defendants other than Chase had previously been dismissed and the Court's judgment was a final judgment terminating the case. Dkt. # 229.

an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). In a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

### III.

Plaintiff has filed a 46 page motion claiming that genuine issues of material fact preclude summary judgment,[3] and he provides additional evidence to support this argument that he did not attach to his summary judgment response. Aside from arguing that the Court's decision was legally incorrect, plaintiff implies that Chase engaged in ex parte communications with the Court because the Court allegedly considered evidence outside of the summary judgment record. He also argues that the Court should take judicial notice of Chase's phone records, because he asserts that "[a]ny person looking at the [call logs]" would clearly see that Chase is at fault.[4] Chase responds that plaintiff has not presented any basis for relief under Fed. R. Civ. P. 59(e), and his motion to reconsider should be denied.

---

[3] In his motion to reconsider, Plaintiff asserts that he has standing to file claims against Chase and that his amended complaint should not have been dismissed under the standard enunciated by the Supreme Court in Haines v. Kerner, 404 U.S. 519 (1972). However, the Court did not make any finding that plaintiff lacked standing nor did the Court dismiss any claims. Instead, the Court reviewed Chase's motion under Fed. R. Civ. P. 56 and entered judgment on the merits of plaintiff's claims. To the extent Plaintiff argues that the Court applied the wrong standard of review, his motion to reconsider is denied.

[4] The title of plaintiff's motion requests "findings of fact and conclusions of law." However, there is no requirement for a federal district court to enter formal findings of fact and conclusions of law when ruling on a motion for summary judgment. Fed. R. Civ. P. 52(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Plaintiff offers many factual and legal arguments that the Court previously considered when it granted Chase's motion for summary judgment.[5] A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver, 952 F.2d at 1243. Reconsideration is also "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). The Court's 25 page opinion and order was not a first draft, and the Court will not revisit arguments that should have been presented before or have already been rejected. Plaintiff renews his argument that he suffered severe emotional distress and generally challenges the validity of Chase's basis for instituting a foreclosure action against him. However, the Court previously considered these issues and will not revisit them on a motion to reconsider.

Plaintiff claims that he has new evidence that justifies reconsideration of his case. However, all of the evidence cited in plaintiff's motion to reconsider was available when he filed his summary judgment response. This is not a situation when newly discovered evidence justifies reconsideration. Plaintiff has provided a complete copy of his call records and payment history with

---

[5] Plaintiff does not challenge the ruling to the extent that summary judgment was granted to Chase on plaintiff's claims for defamation, libel, false light invasion of privacy, slander of credit, tortious interference with contract, wrongful dishonor, fraudulent conveyance, extortion, duress, breach of the implied covenant of good faith and fair dealing, negligence, fraud, or his statutory claims under the Oklahoma Consumer Protection Act and the Oklahoma Deceptive Trade Practices Act. Just as in his summary judgment response, plaintiff's motion to reconsider focuses on his claim for intentional infliction of emotional distress.

Chase, but he offers no reason why he did not include this information with his summary judgment response. See Dkt. # 230, Ex. 1. As a practical matter, the Court reviewed the call records and payment history submitted by Chase for the applicable time periods, and the relevant evidence has already been considered. This evidence does not justify reconsideration under Rule 59(e). Plaintiff has also provided at least two exhibits that he failed to produce in response to discovery requests from Chase, and four of the new exhibits are simply copies of pleadings filed in this Court.[6] The remaining exhibits, a printout from Chase's computer system and a Better Business Bureau report about Chase, were attached to plaintiff's original complaint, and this information was clearly available to plaintiff when he filed his summary judgment response. This "new" evidence does not provide a basis under Fed. R. Civ. P. 59(e) to reconsider the Court's ruling granting Chase's motion for summary judgment. See Bell v. Board of County Comm'rs of Jefferson County, 451 F.3d 1097 (10th Cir. 2006) (Rule 59(e) permits the consideration of new evidence only if the evidence arose after the initial ruling or it could not have been discovered with due diligence at the time of the initial ruling).

Plaintiff asks the Court to take judicial notice of Chase's phone records because the phone records evidence facts "so notorious or well known that [they] cannot be refuted." Dkt. # 245, at 3. However, these are not the types of facts for which judicial notice is appropriate. Under Fed. R. Evid. 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

---

[6] Plaintiff has attached a November 22, 2001 letter from plaintiff to Chase as exhibit 3 and a copy of an October 28, 2004 check from plaintiff to Chase as exhibit 4. See Dkt. # 230. Chase has provided copies of its discovery requests for this information, and the Court will not permit plaintiff to use evidence that should have been produced during discovery as a basis for reconsideration.

5

accurate and ready determination by resort to sources whose accuracy can not be questioned." Judicial notice of a fact may be taken at any stage of the proceedings. Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495 (10th Cir. 1997). However, a party may not request judicial notice after judgment has been entered in an attempt to supplement the record with new evidence that should have been presented to a court in the first instance. American Stores Co. v. C.I.R., 170 F.3d 1267 (10th Cir. 1999). Plaintiff attempts to use Chase's phone records to prove the existence of an ongoing factual dispute between plaintiff and Chase, but he has not identified specific facts in the phone records that are capable of judicial notice. His request to take judicial notice of Chase's phone records is denied.[7]

Plaintiff argues that the Chase engaged in ex parte communications with the Court, because the Court considered evidence that was not submitted by either party as part of the summary judgment record. Specifically, he claims that the Court cited Chapman's bank records, Chase's

---

[7]  Plaintiff's motion could also be construed as request to take judicial notice of legal precedent, because he claims that the Court failed to consider plaintiff's right to relief under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. As a matter of course, federal courts are bound to apply precedent without formally taking judicial notice of law, and the procedure for judicial notice under Fed. R. Evid. 201 applies only to adjudicative facts. Getty Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312 (10th Cir. 2004). Plaintiff did not cite these constitutional amendments in his amended complaint or his response to Chase's motion for summary judgment but, even if he had, Chase is not a state actor and can not be held liable for alleged constitutional violations. Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007); Smith v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997). While the Court is bound to apply the United States Constitution, plaintiff has not cited any provision of the federal constitution that would entitle him to relief from Chase.

phone records, and the note and mortgage.[8]  Dkt. # 230, at 2, 21, 38.  These records were attached to Chase's motion for summary judgment, and plaintiff's assertions of ex parte communications are meritless.  The Court cited exhibit and page numbers for each of these exhibits with the exception of Chapman's bank records.  The bank records were attached to Chase's motion for summary judgment as exhibit 10, and plaintiff clearly had access to this information when he submitted his response.

Plaintiff has not presented any reason why he could not have raised the arguments in his motion to reconsider when responding to Chase's motion for summary judgment, and he may not use a motion to reconsider as a vehicle to raise arguments that could have advanced in the first instance.  Even if the Court were to consider his arguments, plaintiff's motion to reconsider is primarily a disagreement about the duties Chase owes to its customers and he simply reasserts his claims that Chase mishandled his mortgage.  However, he has not shown that he is entitled to relief under Rule 59(e), because he has not identified a legal basis for recovery against Chase.  Without a viable legal claim against Chase, plaintiff can not show that the Court committed clear error when it granted summary judgment in favor of Chase.  The motion to reconsider should be denied in all respects.

---

[8]  Plaintiff suggests that the Court discussed a "contract" between the parties, but there was no contract submitted as evidence.  The Court clearly cited the note and mortgage throughout its opinion and order as the applicable contract when considering plaintiff's breach of contract claim.  Dkt. # 228, at 18-20.

**IT IS THEREFORE ORDERED** that Raymond G. Chapman's Verified Affidavit of Truth and Facts; Motion for Reconsideration/Formal Request for Finding of Facts and Conclusions of Law, and Formal Request for Judicial Notice (Demand for Jury Trial) (Dkt. # 230) is **denied**.

**DATED** this 30th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT