UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RAYMOND G. CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0859-CVE-FHM |
| | ) | |
| **CHASE MANHATTAN MORTGAGE** | ) | |
| **CORPORATION, (a/k/a J.P. Morgan,** | ) | |
| **Chase Home Finance, CMMC, Chase);** | ) | |
| **GERRI SMITH, CASEY BEARD (Executive** | ) | |
| **Resolution Board); STEPHANIE HARDIN** | ) | |
| **(CHG-Productivity and Quality Division);** | ) | |
| **and ROD REUSCHER (Asst. VP and** | ) | |
| **Customer Relations Contact),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Request for the District Judge to Review and Reverse the Recent Award of Bill of Costs (Dkt. # 247). The Court will treat plaintiff's motion as an appeal of the Court Clerk's award of costs pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiff argues that defendant Chase Manhattan Mortgage Corporation's ("Chase") bill of costs was untimely, because it was filed more than 14 days after the Court entered judgment in favor of Chase. Plaintiff also argues that Chase did not provide proof of service with its bill of costs and he claims that the Clerk of Court violated his due process rights by treating Chase's bill of costs as confessed.

On September 24, 2007, the Court granted Chase's motion for summary judgment and entered judgment in favor of Chase. Dkt. ## 228, 229. The deadline for Chase to file a bill of costs was October 8, 2007, but Chase requested an extension of time to file a bill of costs. The Court granted Chase's motion for an extension of time, and extended the deadline for Chase to file a bill of costs to October 19, 2007. Dkt. # 233. Chase filed its bill of costs and a brief in support on

October 19, 2007, and the Clerk of Court set a cost hearing for November 27, 2007 at 10:00 a.m. However, the Clerk of Court's order clearly stated:

> **If there is no written objection filed to the Bill of Costs, the Clerk of Court's Office will tax the Bill of Costs in accordance with the Federal Rules of Civil Procedure and the Local Rules; and your appearance at such hearing will not be necessary.**

Dkt. # 241, at 1 (emphasis in original). Plaintiff did not file an objection to Chase's bill of costs and, on November 27, 2007, the Clerk of Court awarded Chase costs in the amount of $13,361.19. Dkt. # 246. On November 29, 2007, plaintiff appealed the Clerk of Court's award of costs to the undersigned.

In civil cases, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). "The apparent intendment of Rule 54(d) is that the prevailing party is presumptively entitled to costs, and that it is incumbent on the losing party to overcome such presumption, since the denial of costs is in the nature of a penalty." Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980). Any objections to the Clerk of Court's bill of costs must be filed within five days, or those objections are waived. Fed. R. Civ. P. 54(d); Bloomer v. United States, 337 F.3d 1220 (10th Cir. 2003). In this case, plaintiff filed a timely objection the Clerk of Court's award of costs, and plaintiff's objection is properly before the Court.

Plaintiff has raised three procedural objections to the Clerk of Court's award of costs, but each objection is meritless. First, plaintiff argues that Chase's bill of costs was untimely, because it was not filed within 14 days of the Court's entry of judgment. However, the Court granted Chase an extension of time to file its bill of costs, and Chase's bill of costs was filed within the extended deadline. Therefore, Chase's bill of costs was timely. Second, plaintiff argues that Chase's bill of costs did not include proof of service, and the bill of costs was invalid. Plaintiff is correct that the

"original of the verified bill of costs shall have endorsed thereon proof of service upon the opposing party." LCvR 54.1(b). In this case, Chase's bill of costs contained a declaration, signed by counsel for Chase, affirming that a copy of the bill of costs was mailed to plaintiff and, thus, Chase's bill of costs included proof of service upon plaintiff. Third, plaintiff argues that the Clerk of Court violated his due process rights, because plaintiff did not have an opportunity to respond or appear at the cost hearing. Pursuant to LCvR 54.1, plaintiff had 18 days to file an objection to Chase's bill of costs and, if he failed to file an objection, the Clerk of Court could award Chase's requested costs in full. In addition, the Clerk of Court's order setting the cost hearing advised plaintiff that he needed to file a written objection in order to preserve his objections to Chase's bill of costs. Plaintiff did not file a written objection to Chase's bill of costs and, under LCvR 54.1(d), the Clerk of Court was authorized to award Chase's requested costs in full.

The Court has considered all of plaintiff's arguments and finds that plaintiff has not identified any procedural error with the Clerk of Court's award of costs. Plaintiff has not raised any substantive arguments, to the Clerk of Court or to the undersigned, and any substantive challenges to the award of costs are waived. Fed. R. Civ. P. 54(d); Bloomer, 337 F.3d at 1221. Therefore, the Clerk of Court's award of costs should be affirmed.

**IT IS THEREFORE ORDERED** that plaintiff's Request for the District Judge to Review and Reverse the Recent Award of Bill of Costs (Dkt. # 247) is **denied**.

**DATED** this 3rd day of January, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3