## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

RAYMOND G. CHAPMAN,

                Plaintiff,

vs.

                                     Case No. 04-CV-859-CVE-FHM

CHASE MANHATTAN MORTGAGE
CORPORATION, et al.,

                Defendant.

## REPORT AND RECOMMENDATION

Chase Manhattan Mortgage Corporation's Motion for Attorney Fees [Dkt. 237] is before the undersigned United States Magistrate Judge for report and recommendation. The undersigned recommends that the motion be DENIED.

## Background

The note and mortgage for Plaintiff's home was held by Defendant (Chase). Chase instituted foreclosure proceedings. Plaintiff filed the instant suit in state court. Chase removed the action to federal court. The Court construed Plaintiff as having alleged 12 different theories of recovery against Chase: 1) violation of the Oklahoma Consumer Protection Act and the Oklahoma Deceptive Trade Practices Act; 2) defamation, libel, false light invasion of privacy, and slander of credit due to the reporting of inaccurate credit information; 3) tortious interference with contract; 4) abuse of process; 5) wrongful dishonor of a check; 6) fraudulent conveyance; 7) extortion and duress; 8) breach of an implied covenant of good faith and fair dealing; 9) negligence; 10) breach of contract; 11) intentional infliction of emotional distress; and 12) fraud and conspiracy to commit fraud. The Court granted summary judgment in favor of Chase on all of Plaintiff's claims. [Dkt. 228].

Chase filed the instant motion for fees arguing various Oklahoma statutes authorize an award of fees in this case.  Alternatively, Chase asserts that it is entitled to an award of fees pursuant to the Court's inherent power to award attorney fees.

## Analysis

In this diversity case, attorney fees are substantive and determined by reference to state law.  *King Resources Co. v. Phoenix Resources Co. (In re King Resources Co.)*, 651 F.2d 1349, 1353 (10th Cir. 1981)("[I]n diversity cases generally, and certainly in this circuit, attorney fees are determined by state law and are substantive for diversity purposes."). The Oklahoma Constitution, Art. 2, § 6, guarantees that the "courts will be open to every person and justice shall be administered without sale, denial, delay or prejudice."  *Beard v. Richards*, 820 P.2d 812, 815-816 (Okla. 1991).  The Oklahoma Supreme Court has ruled that liberal application of statutes authorizing prevailing party attorney fees has a chilling effect on the guarantee of open access to courts provided by the Oklahoma Constitution. *Id.*  Therefore, statutes authorizing prevailing party attorney fees are strictly applied.  *Id.* at 816.  The undersigned has approached the motion for attorney fees with strict application of the attorney fee statutes and the Constitutional guarantee of open access to courts in mind.

There are several provisions of Oklahoma law that have application to this case.  12 Okla. Stat. §2011.1 provides as follows:

> In any action not arising out of contract, the court shall, upon granting . . . a motion for summary judgment . . , determine whether a claim or defense asserted in the action by a nonprevailing party was frivolous.  As used in this section, "frivolous" means the action . . . was unsupported by any credible evidence, was not grounded in fact, or was unwarranted by existing law or a good faith argument for the

2

> extension, modification, or reversal of existing law or the establishment of new law.  Upon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party for reasonable costs, including attorney fees, incurred with respect to such claim or defense.

Chase argues this section requires the award of attorney fees for Plaintiff's various non-contract claims.  Chase also argues that 15 Okla. Stat. §761.1(A), 23 Okla. Stat. §103 and 78 Okla. Stat. §54(c) are applicable to some of the claims.  Similar to 12 Okla. Stat. § 2011.1, under theses statutes if a court grants a motion for summary judgment, the court is either instructed to or permitted to award reasonable attorney fees and costs to the prevailing party if the court determines that a claim or defense was not grounded in fact or warranted by existing law.

15 Okla. Stat. §761.1(A) and 23 Okla. Stat. §103 limit the possible attorney fee award to $10,000.  Chase acknowledges that it lacks any case authority, but argues that the $10,000 limit applies to each of several claims so as to defeat the $10,000 limit.  The undersigned rejects Chase's contention that such a multiplier can be applied.  Strict application of the attorney fee statutes counsels against employing any interpretation to defeat the statutory attorney limits.  Furthermore, in Oklahoma, "*[o]nly a single cause of action can be predicated on the same set of facts*, but different remedies and theories of liability may be pressed in support of each claim alleged." *Fleet v. Sanguine, Ltd.*, 854 P.2d 892, 901 (Okla. 1992) (emphasis in original; footnotes omitted).  Applying this principle to Plaintiff's claims also counsels against the application of a multiplier as suggested by Chase.

In *Gilbert v. Security Finance Corp. of Okla. Inc.,* 152 P.3d 165, 183, 184 (Okla. 2006), the Oklahoma Supreme Court instructed that in considering an award under 23 Okla. Stat. §103, the court "must re-examine the record to determine the merits of the claim or defense" and whether it fits within the requirement of §103 that the claim or defense was made in bad faith, was not well grounded in fact, or was unwarranted by existing law.  The re-examination must be conducted without regard to the rulings and the judgment in the case.  *Id*.  This same principle is also applicable to the previously cited attorney fee statutes because those statutes employ language virtually identical to §103.  The undersigned has reviewed the record and considered the merits of Plaintiff's claims using the definition of the statutory terms provided in *Beard v. Richards*, 820 P.2d 812,  816 (Okla. 1991).

A claim "not well grounded in fact" is a claim without any supporting facts.  *Beard*, 820 P.2d at 816.  A review of Plaintiff's Expert Report, [Dkt. 191], demonstrates that the gravamen of Plaintiff's claim was that Chase had inappropriately handled his account and that he was thereby treated unfairly.  That claim is not entirely without supporting facts.[1]

---

[1]  According to the Expert Report, a number of actions taken by Chase contributed to Plaintiff's confusion as to the status of his mortgage account.  At a time when Plaintiff's payments were current, Chase informed Plaintiff it could not set up an automatic draft for his payment because the account was not current. [Dkt. 191, p. 2].  Later, Chase automatically drafted Plaintiff's account for a payment when he was one month behind, even though Plaintiff had been informed that could not occur.  *Id.* at p. 3.  Chase gave Plaintiff conflicting and erroneous information about whether he had missed a payment and what payment that was.  *Id.*  Chase unilaterally suspended automatic drafts when it was considering a sale of its portfolio, when the sale fell through and the automatic drafts were resumed, they were resumed on a date that was not authorized by Plaintiff, and which did not coincide with his pay dates.  *Id.* at p. 5.  When Plaintiff's payments fell behind, Chase would not accept a check for the amount of a single payment for the reason the payment was not the total amount due.  However, when Plaintiff sent a check for the amount of two payments, the check would be accepted even though the entire amount due was not tendered. *Id.* at p. 7.  The expert concluded that Chase failed in its responsibility to properly maintain the payment and collection history and to effectively explain procedures to Plaintiff.  *Id.* at p. 8.

4

A claim "unwarranted by existing law" is a claim without any supporting law, that is, without any existing law or recognized theory of law in support of the claim. *Id.* Although Plaintiff was not successful on his claims, as indicated by the Court's discussion of Plaintiff's claims in the Order granting summary judgment, [Dkt. 228], clearly there are a number of legal theories and statutes by which an aggrieved consumer can obtain relief from damages caused by inappropriate actions by a lender. It cannot be said, therefore, that Plaintiff's claims lacked any basis in the law.

Based on the foregoing, the undersigned recommends that no attorney fees be awarded under: 12 Okla. Stat. §2011.1; 15 Okla. Stat. §761.1(A); 23 Okla. Stat. §103; or 78 Okla. Stat. §54(i). Although summary judgment was granted in favor of Chase, after examining the record the undersigned cannot say that Plaintiff's claims were not well grounded in fact, or were unwarranted by existing law.

Chase also argues that it is entitled to attorney fees under 12 Okla. Stat. §937 which provides for an award of attorney fees to the prevailing party in "any civil action to enforce payment of or to otherwise collect on a check . . . drawn on a bank . . . payment upon which said instrument has been refused because of insufficient funds . . . " Chase argues that this section applies because Plaintiff asserted a claim against it for wrongful dishonor. The undersigned rejects this argument. The Court ruled that Plaintiff did not have a wrongful dishonor claim against Chase because Chase was not a payor bank. [Dkt. 228, p. 13]. 12 Okla. Stat. §937 clearly has no application to the instant case.

Finally, Chase argues that it is entitled to an award of fees under the Court's equitable power to award fees where a litigant's actions are oppressive and require the unnecessary expenditure of time and money by an opponent. Although there was some

5

element of delay in some of Plaintiff's actions throughout the conduct of the case, there is no indication that Plaintiff's claims were made for oppressive reasons.  The undersigned therefore concludes that the bad faith element does not apply to Plaintiff's claims.  The same findings that support denial of fees under the various statutory provisions, dictate that fees should be denied under the Court's inherent power.

## Conclusion

The undersigned RECOMMENDS that Chase Manhattan Mortgage Corporation's Motion for Attorney Fees [Dkt. 237] be DENIED.[2]

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

---

[2] Although the undersigned has concluded that the motion for attorney fees should be denied, Chase is to be complemented on its well supported fee request.  Chase did an exemplary job of exercising billing judgment in its fee request.

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 14th day of February, 2008.


*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE