UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAYMOND G. CHAPMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 04-CV-0859-CVE-FHM |
| ) | |
| **CHASE MANHATTAN MORTGAGE** ) | |
| **CORPORATION, (a/k/a J.P. Morgan,** ) | |
| **Chase Home Finance, CMMC, Chase);** ) | |
| **GERRI SMITH, CASEY BEARD (Executive** ) | |
| **Resolution Board); STEPHANIE HARDIN** ) | |
| **(CHG-Productivity and Quality Division);** ) | |
| **and ROD REUSCHER (Asst. VP and** ) | |
| **Customer Relations Contact),** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is the report and recommendation (Dkt. # 259) of Magistrate Judge Frank H. McCarthy recommending the denial of Chase Manhattan Mortgage Corporation's Motion for Attorney Fees and Brief in Support (Dkt. # 237). Defendant Chase Manhattan Mortgage Corporation ("Chase") has filed a timely objection to the report and recommendation.

**I.**

Chase held a note and mortgage for Raymond C. Chapman's home. In September 2004, Chase notified Chapman that he had defaulted on his loan and that it would institute a foreclosure action if he did not pay the full amount owed. When Chapman failed to pay the full amount remaining on the loan, Chase filed a foreclosure action in Tulsa County District Court. While the foreclosure action was pending, Chapman filed a lawsuit against Chase seeking recovery on various common law and statutory theories arising out of Chase's alleged mishandling of the note and mortgage. Chase removed the case to federal court on the basis of diversity jurisdiction and,

following discovery, Chase filed a motion for summary judgment. Broadly construing plaintiff's pro se amended complaint, the Court found that plaintiff could be attempting to state a claim under 16 different legal theories, including: (1) the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 751 et seq. ("OCPA"); (2) Oklahoma's Deceptive Trade Practices Act, OKLA. STAT. tit. 78, § 51 et seq. ("DTPA"); (3) defamation; (4) libel; (5) false light invasion of privacy; (6) slander of credit; (7) tortious interference with contract; (8) abuse of process; (9) wrongful dishonor; (10) fraudulent conveyance; (11) extortion and duress; (12) breach of the covenant of good faith and fair dealing; (13) negligence; (14) breach of contract; (15) intentional infliction of emotional distress; (16) fraud and civil conspiracy to commit fraud. The Court granted Chase's motion for summary judgment as to all of plaintiff's claims.

After the Court entered judgment in Chase's favor, Chase filed a motion to recover attorney fees from Chapman. Chase argued that Chapman's claims were frivolous because they were not well grounded in fact or warranted by existing law. Chase also asserted that Chapman's behavior during the litigation showed that he filed the lawsuit to oppress or harass Chase. Chapman responded that the prevailing party in civil litigation is ordinarily not entitled to attorney fees under the American Rule and numerous factual disputes showed that he had a legitimate, even if unsuccessful, basis to initiate a lawsuit against Chase. He pointed out that "[d]espite the court's recent granting of Chase's Motion for Summary Judgment, the court nowhere in its order mentioned that Plaintiff's lawsuit was frivolous . . . ." Dkt. # 242, at 7. The matter was referred to a magistrate judge for a report and recommendation.

The magistrate judge recommended that the Court deny Chase's motion for attorney fees. Dkt. # 259. He found that plaintiff's claims were not wholly unsupported, because he produced

2

evidence that Chase made conflicting statements about his account status. Even though plaintiff's claims could not survive summary judgment, his allegations that Chase inappropriately handled his account were supported by some facts. The magistrate judge rejected Chase's request for attorney fees under each of the Oklahoma statutes cited by Chase. In addition, he found that Chase was not entitled to attorney fees under an equitable exception to the American Rule, because there was no indication that plaintiff filed his lawsuit for oppressive reasons.

## II.

Pursuant to Fed. R. Civ. P. 72(b), Chase has filed a timely objection to the magistrate judge's report and recommendation and the Court must conduct a <u>de novo</u> review of the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>See also</u> <u>Northington v. Marin</u>, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

Chase has filed a motion to recover attorney fees from plaintiff under various Oklahoma statutory provisions, including OKLA. STAT. tit. 12, §§ 936 and 937, OKLA. STAT. tit. 15, § 761.1(A), OKLA. STAT. tit. 23, § 103, and OKLA. STAT. tit. 78, § 54(A). Chase also seeks attorney fees under

an equitable exception to the American Rule recognized by the Oklahoma Supreme Court in City National Bank & Trust Co. v. Owens, 565 P.2d 4 (Okla. 1977).

In diversity cases, an award of attorney fees is a matter of substantive law and the Court must apply Oklahoma law under Erie doctrine. North Texas Prod. Credit Ass'n v. McCurtain County Nat'l Bank, 222 F.3d 800, 817 (10th Cir. 2000); Boyd Rosene & Assoc., Inc. v. Kansas Mun. Gas Agency, 123 F.3d 1351, 1352 (10th Cir. 1997); King Resources Co. v. Phoenix Resources Co., 651 F.2d 1349, 1353 (10th Cir. 1981). "In Oklahoma, the right of a litigant to recover attorney fees is governed by the American Rule." Barnes v. Oklahoma Farm Bureau Mut. Ins. Co., 11 P.3d 162, 178-79 (Okla. 2000). A litigant must pay his or her own attorney fees in the absence of a specific statute, contractual provision, or an exception to the American Rule authorizing an award of attorney fees. Id. at 179. Statutory provisions permitting an award of attorney fees and exceptions to the American Rule are strictly construed. Kay v. Venezuelan Sun Oil Co., 806 P.2d 648, 650 (Okla. 1991).

Chase relies on the Court's opinion and order denying Chase's motion for summary judgment to argue that, on a claim-by-claim basis, plaintiff's claims were individually frivolous. The magistrate judge did not adopt this approach but, instead, he considered plaintiff's lawsuit as a whole when ruling on Chase's right to attorney fees. Under the circumstances, the Court finds that the magistrate judge's approach was correct. While there may be circumstances when a claim-by-claim approach is appropriate, this case involves a pro se litigant who is unfamiliar with the judicial system. As the Court noted in its opinion and order, it construed plaintiff's amended complaint liberally to determine if plaintiff could survive summary judgment under any theory of recovery raised by his amended complaint. Dkt. # 228, at 7. It would be unfair to punish plaintiff by

awarding attorney fees to Chase for a claim that plaintiff may not have clearly raised or did not intend to raise in his amended complaint.[1]

Chase asserts that it is entitled to attorney fees under OKLA. STAT. tit. 12, § 936, which provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The magistrate judge did not address the applicability of § 936. The Oklahoma Supreme Court has construed § 936 narrowly and has found that it applies only when the underlying claim concerns the collection of a note or negotiable instrument. Bortst v. Bright Mortgage Co., 824 P.2d 1102, 1104 (Okla. 1991); Cadle Co. v. Bianco, 849 P.2d 437, 440 (Okla. Civ. App. 1992). Chapman alleged that Chase mishandled his account, but he was not attempting to collect on the note itself. Therefore, § 936 is inapplicable.

Chase cites OKLA. STAT. tit. 12, § 937 as a basis for an award of attorney fees because plaintiff alleged a claim for wrongful dishonor against Chase. The magistrate judge recommended that the Court deny Chase's motion on this issue, because plaintiff did not have a claim for wrongful dishonor. Section 937 provides:

> In any civil action to enforce payment of or to collect upon a check, draft or similar bill of exchange drawn on a bank or otherwise, payment upon which said instrument has been refused because of insufficient funds or no account, the party prevailing on

---

[1] Plaintiff's pro se status does not excuse much of his conduct and the Court is not condoning his disruptive behavior that delayed the resolution of his lawsuit. However, it would not be appropriate to rely on a statute awarding attorney fees in cases involving particular legal claims when plaintiff's amended complaint may not have clearly raised the claim.

5

> such cause of action shall be awarded a reasonable attorney's fee, such fee to be assessed by the court as costs against the losing party; provided, that said fee shall not be allowed unless the plaintiff offers proof during the trial of said action that prior to the filing of the petition in the action demand for payment of the check, draft or similar bill of exchange had been made upon the defendant by registered or certified mail not less than ten (10) days prior to the filing of such suit.

Id. This Court found that, in relation to plaintiff, Chase was not a payor bank but was simply a creditor attempting to collect on a debt. Dkt. # 228, at 13. The plain language of the statute shows that § 937 does not apply. Section 937 permits attorney fees "[i]n any civil action to enforce payment of or to collect upon a check, draft or similar bill of exchange drawn on a bank or otherwise, payment upon which said instrument has been refused because of insufficient funds or no account. OKLA. STAT. tit. 12, § 937. Chapman was not trying to enforce payment of or collect upon a check. Instead, plaintiff argued that Chase misled him about the status of his loan and Chase wrongfully foreclosed on his house because there were no missing payments. Dkt. # 163, at 5-6; Dkt. # 228, at 3-4. Because Chapman was not attempting to enforce payment of a check against Chase, § 937 is inapplicable.

Chase claims that plaintiff's claims under the OCPA and the DTPA were frivolous, and both statutes contain an express attorney fee provision authorizing an award of attorney fees for defending against meritless claims. See OKLA. STAT. tit. 15, § 761.1(a); OKLA. STAT. tit. 78, § 54(A). The Court ruled that Chapman's OCPA claim was preempted the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Dkt. # 228, at 8-10; see also Williams v. CSC Credit Services, Inc., 2007 WL 1959219 (N.D. Okla. June 29, 2007). Section 761.1 permits an award of attorney fees only when "a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law . . . ." OKLA. STAT. tit. 15, § 761.1(a). The Court's decision to grant summary judgment on plaintiff's

6

OCPA claim turned on a legal issue,[2] but the Court did not suggest that plaintiff's claim was frivolous. Therefore, Chase has not shown that it is entitled to attorney fees under § 761.1. In its motion for summary judgment, Chase admitted that it was unclear whether plaintiff was asserting a claim under DTPA but it construed plaintiff's amended complaint liberally and addressed the applicability of the DTPA. Dkt. # 158, at 15. The Court found that Chapman did not have a claim under the DTPA and, since he did not clearly raise this claim, an award of attorney fees under OKLA. STAT. tit. 78, § 54(A) would be inappropriate. The Court finds that neither OKLA. STAT. tit. 15, § 761.1(a) nor OKLA. STAT. tit. 78, § 54(A) permits an award attorney fees in this case.

Chase argues that it is entitled to attorney fees under two statutory provisions authorizing an award of attorney fees when a defendant is forced to defend against frivolous claims. See OKLA. STAT. tit. 12, § 2011.1; OKLA. STAT. tit. 23, § 103. Although these statutes apply to different types of legal claims, the standard for awarding attorney fees is essentially the same under each statute. To award attorney fees, the Court must find that plaintiff's claims were not well grounded in fact or were unwarranted by existing law. OKLA. STAT. tit. 12, § 2011.1 ("As used in this section, "frivolous" means the claim or defense was knowingly asserted in bad faith, was unsupported by any credible evidence, was not grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law."); OKLA. STAT. tit. 23, § 103 ("In any action for damages for personal injury except injury resulting in death, or in any action for damages to personal rights the court shall, subsequent to

---

[2]     The Court notes that Williams, the primary legal authority relied on by Chase, was decided approximately three months before the summary judgment ruling was issued in this case, and this undercuts Chase's assertion that plaintiff purposefully included a legally invalid OCPA claim in his amended complaint.

7

adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."). Under Oklahoma law, this Court must strictly construe statutes that authorize awards of attorney fees, because "liberal application of statutes authorizing prevailing party attorney fees has a chilling affect on [Oklahoma's] open access to the courts guarantee." Beard v. Richards, 820 P.2d 812, 816 (Okla. 1991); see also Head v. McCracken, 102 P.3d 670, 680 (Okla. 2004) ("Oklahoma jurisprudence, thus, recognizes that attorney fee statutes are strictly applied because to do otherwise holds out the real possibility of chilling access to the courts."). The Oklahoma Supreme Court has construed the statutory language "not well grounded in fact" to mean that a claim "is without any supporting facts, that is, there is an absence of any evidence together with reasonable inferences to be drawn therefrom, if unrebutted, which establishes the facts essential to support the legal theory on which the claim is based." Beard, 820 P.2d at 812.

The magistrate judge determined that plaintiff had some factual basis for his claims against Chase, even if plaintiff was not ultimately successful on any of his claims. He reviewed the summary judgment record, particularly the expert report of Portia Lewis, and found that the "gravamen of [p]laintiff's claims was that Chase had inappropriately handled his account and that he was thereby treated unfairly." Dkt. # 259, at 4. Based on this broad reading of plaintiff's pleadings and evidence, the magistrate judge determined that plaintiff's claims that Chase mishandled his account were "not entirely without supporting facts." Id. Chase objects to the magistrate judge's broad construction of plaintiff's claims and, instead, argues that the Court should consider plaintiff's claims separately when reviewing Chase's motion for attorney fees. In its

objection to the magistrate judge's report and recommendation, Chase discusses each of plaintiff's claims individually and argues that attorney fees should be awarded if any particular claim is deemed frivolous. Dkt. # 262, at 3-6.

The Court has independently reviewed the underlying motion for attorney fees and Chase's objection to the magistrate judge's report and recommendation, and finds that Chase is not entitled to attorney fees under OKLA. STAT. tit. 12, § 2011.1 or OKLA. STAT. tit. 23, § 103. As the Court has previously noted, a claim-by-claim approach would serve to punish a pro se litigant by requiring the Court to broadly construe his pleadings and then award attorney fees if any of the broadly-construed claims were later deemed frivolous. See supra, at 4-5. Although the Court found that it was undisputed that Chapman's June 2002 mortgage payment was returned for insufficient funds, he presented evidence that Chase made conflicting statements about the status of his account. Chase implies that the magistrate judge found that each of Chapman's claims was "well grounded in fact," and applied an incorrect legal standard. However, the magistrate judge correctly determined that this Court must consider whether Chapman presented "any" supporting evidence. Based on a broad reading of plaintiff's amended complaint, the Court finds that plaintiff produced some evidence supporting his legal claims. Considering plaintiff's pro se status and the existence of some evidentiary support for his claims, Chase's request for attorney fees under section OKLA. STAT. tit. 12, § 2011.1 and OKLA. STAT. tit. 23, § 103 should be denied.[3]

---

[3] Because the Court has found that Chase's motion for attorney fees under OKLA. STAT. tit. 15, § 761.1 and OKLA. STAT. 23, § 103 should be denied, it is not necessary to consider Chase's argument that these statutes permit an award up to $10,000 per claim rather than limit an attorney fee award to $10,000 for the entire cause of action.

Chase asserts that plaintiff engaged in oppressive and bad faith litigation conduct, and attorney fees are appropriate under an exception to the American Rule. The Oklahoma Supreme Court has recognized that "attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason . . . ." City Nat'l Bank & Trust Co. of Oklahoma v. Owens, 565 P.2d 4, 7 (Okla. 1977). This has been described as a "very narrow exception" to the American Rule. Pioneer Equipment Rental, LLC v. W.S. Bowlware, 180 P.3d 694, 696 (Okla. Civ. App. 2007). "For attorney fees to be awarded under a court's inherent authority 'overriding considerations' must indicate the need for such a recovery." State ex rel. Tal. v City of Oklahoma City, 61 P.3d 234, 247-48 (Okla. 2002). Chase argues that plaintiff's claims lacked evidentiary support and his behavior, such as lying under oath, refusing to answer questions during his deposition, and obstructive discovery tactics, caused significant delays of the proceedings. While the Court does not condone plaintiff's litigation conduct, the Court does not find that plaintiff's conduct was so egregious that attorney fees should be awarded, nor has Chase shown a need to impose attorney fees against plaintiff. The Court has already determined that plaintiff's claims were not wholly without factual support and, as the magistrate judge noted, there is no evidence that plaintiff filed this lawsuit for oppressive reasons. Dkt. # 259, at 5-6.

**IT IS THEREFORE ORDERED** that report and recommendation (Dkt. # 259) is **accepted**, and Chase Manhattan Mortgage Corporation's Motion for Attorney Fees and Brief in Support (Dkt. # 237) is **denied**.

**DATED** this 28th day of May, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

10